**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANK MOORE,
Petitioner-Appellant,

v.

DEAN R. WALKER, Superintendent;
ATTORNEY GENERAL OF NORTH
CAROLINA,
Respondents-Appellees.

No. 98-6453

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Graham C. Mullen, District Judge.
(CA-97-133-1-MU)

Submitted: July 30, 1998

Decided: August 31, 1998

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Frank Moore, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find no reversible error. Moore made several claims regarding sufficiency of the evidence for his conviction for rape and non-felonious breaking and entering. The standard of review of sufficiency of the evidence on habeas corpus is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The reviewing court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In addition, the factual determinations of a state court are presumed to be correct, unless the applicant for a writ of habeas corpus rebuts the presumption by clear and convincing evidence. See 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). Moore has not presented reliable evidence that his conviction was not supported by sufficient evidence. Because two of Moore's claims, ineffective assistance by trial counsel, and that the indictment was based upon false evidence and impressions, are premised upon Moore's claim that his conviction was not supported by sufficient evidence, these claims must also fail.

Moore also makes several claims regarding errors the district court made during trial. Moore did not raise these claims in his state habeas petition. The principles of comity which underlie the exhaustion requirement dictate that a state be presented with the opportunity to review federal constitutional challenges whether or not the state will choose to avail itself of that opportunity. See Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).

Finally, Moore alleges that his appellate counsel was ineffective because his attorney did not raise nine issues that he suggested on appeal. Because the attorney believed that there was not a reasonable chance of success on the issues, and Moore does not demonstrate that counsel's judgment was unreasonable, we find that this claim is with-

out merit. See Strickland v. Washington, 466, 687-94 U.S. 668 (1984); Jones v. Barnes, 463 U.S. 745, 752-54 (1983).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED